December 12th, 1904.

———o———

## No. 3543.

(Court of Appeal, Parish of Orleans.)

OLIVER H. VAN HORN vs. PETER H. McARDLE.

Appeal from Civil District Court, Division "B."

J. Zach Spearing, for Plaintiff and Appellee.

Jas. J. McLoughlin, for Defendant and Appellant.

1. If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.

2. It is not a "serious ground of complaint" that an employee is, during

55

the term of his employment, contemplating entering into a business for his own account, similar to that of his employer, after the termination of his term of employment, nor that he discusses his intention in this regard with his fellow employe; nor that he invites the latter to join with him in the contemplated undertaking, when such intention, discussion and solicitations have not interfered with the proper discharge of the employe's duties to their employer; have not in any manner injured or affected the employer's business and were not the result of bad faith, abuse of confidence or unfair action.

MOORE, J.    This was a suit between employe and employer for the recovery of wages alleged to be due the former for the entire term fixed by the contract of employment notwithstanding his discharge by the latter prior to the expiration of that time.

The defense is that the discharge was justified by good and sufficient causes.

There was judgment for the plaintiff and defendant appeals.

The facts are that defendant was engaged, in his own name, in the sale of machinists' tools and supplies, and as an adjunct thereto, though as a separate and distinct enterprise, in the manufacture of pulleys and power transmission machinery under the name of the Standard Pulley Company, of which Company he was the president.

Plaintiff was his clerk and had especial charge of the small tool department, which was a branch exclusively of the machinists' tools and supply business.

He had been in the employ of the defendant for several years and in this same department; his fidelity and his efficiency securing him an increase of salary from $75.00 per month, which it was for the first of his three years employment with defendant, to $100.00 per month and a fixed percentage on the profits of McArdle's individual business, which it was during the last year of his connection with the house.    The specific agreement for

that year, and about which there is no dispute, being $1,200 per annum payable monthly, and as an additional compensation 5 per cent. of the net profits of the business as shown by the books at the expiration of the fiscal year, December 31st, this latter amount being "guaranteed to be not less than $300.00" and restricted to the profits of his own business, (the machinists' tools and supply business), and not comprehending any percentage on the profits of the business of the Standard Pulley Company.

On the 23rd of October of that year, 1903, the contract's life being from the 1st of January to the 31st, of December, 1903, the plaintiff was discharged, defendant assigning no reason therefor whatsoever.

In his answer to the suit, however, the causes assigned by the defendant for plaintiff's discharge are that "the plaintiff neglected, failed and refused to perform his work for which he had been employed and, on the contrary, he did not only neglect to perform the work or attend to his duties, but used his position and the time while in defendant's employ for the purpose of establishing another business, competitive with defendant's; that in so doing the plaintiff acted in bad faith and contrary to what should have been his duty and his obligation"; which he amplifies by a supplemental answer setting forth that on the 21st of October, 1903, and on other dates during the month of August and September of that year the plaintiff absented himself from the business without leave, "causing demoralization of the office and working force and leaving his, (the plaintiff's) department without a head"; "that the plaintiff used defendant's time attempting to induce other employes of defendant to join with him in a competitive business, and actually did use the time for which he was paid by the defendant to organize said business and induce his fellow employes to join with him, and at the same time, he used defendant's correspondence list of customers and other facilities which were intrusted to him confidentially to help him to start said new business."

There is not a scintilla of evidence in the record sustaining these averments. The nearest approach thereto is the fact that on one occasion and on that one occasion alone during this year, a legal holiday, and during the absence from the State of the defendant, the plaintiff was absent from his business; but he had previously obtained the full, free and prompt permission and consent of those in whose charge and management McArdle had left his business during his absence, to so absent himself; and the further fact that during this same period of McArdle's absence the plaintiff had discussed with the chief of the office force, or as he is nominated by the defendant, "the financial man of the business," the person holding at that time the defendant's power of attorney, with authority "to sign checks and such other commercial paper as may be necessary to conduct the ordinary financial affairs" of defendant's business, a proposition of entering into a business on a small scale for their own account upon the expiration of their respective terms of employment with the defendant. The venture contemplated was not similar to that conducted by McArdle in his own name and would have not been in competition with that of the Standard Pulley Co., and even if it were to be simular to the one or to both or in competition with one or both, we know of no just and valid reason why an employe may not contemplate during the time of his employment the entering into such business upon the termination of his contract of employment, without subjecting himself to valid discharge, unless, of course, the time due to his employer has been invaded, his confidence abused, his business neglected, or by other means, incompatible with fidelity and trust and the obligations due by the employe to his employer, injury to his employer's business has resulted by the employe's action. But such is not the case here. His employe's business, so far as the same fell within the province of the plaintiff's duties was faithfully attended to; not a moment of the time, so far as the record shows, which should have been devoted by the plaintiff to defendant's business was otherwise employed; no confidential communications or imformation was

improperly taken advantage of; he did not seek to induce any of defendant's employes to quit their employment and join with him in his contemplated venture. McArdle's *per pro* was evidently as desirous of entering with the contemplated venture as was the plaintiff; and the record leaves it in doubt whether the proposition for the contemplated joint venture did not originate with the one as much as with the other. At any rate both were willing to enter into it, the plaintiff to furnish but one third of the capital, $1000.00, and St. Paul, defendant's *per pro,* the remaining $2000. The venture, however, was not entered into, St. Paul receding from the proposition after McArdle's return; the plaintiff alone, however, was discharged. Nor is there the slightest evidence to show that the business of the defendant suffered in the slightest degree by this contemplated action of his employe. The only evidence directed to the establishment of injury is to be found in one sentence of the testimony; that of the defendant himself, who testifies that on his return to his place of business after long absence he found: "demoralization complete in the whole office force." He is not corroborated in this by any of his office force, on the contrary his office force were all retained; the plaintiff being no member whatsoever of that force.

The discharge of the plaintiff was without any serious ground of complaint, and, the Code provides that if without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived, C. C. 2749, the plaintiff is entitled to recover for the full term. The plaintiff has, however, received on account $1000.00 of his wages. His suit is for the balance of $250.00 and $300.00 guaranteed profits, with reservation of his right to recover such further amount as may be found to be due beyond this $300.00 on a proper accounting, and judg-

ment was rendered accordingly. The judgment is not error, and it is affirmed.

December 12th, 1904.

Writ refused by Supreme Court.

———o———

No. 3578.

(Court of Appeal, Parish of Orleans.)

Henry J. Rhodes, for Defendant and Appellant.